```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
                ------------------------------x

                UNITED STATES OF AMERICA,

                         v.                              23 CR 302 (PGG)

                HUMBEI AMARVEL BIOTECH CO.,
                LTD. and QINGZHOU WANG,

                                   Defendants.

                ------------------------------x
                                                       New York, N.Y.
                                                       August 24, 2023
                                                       2:30 p.m.


                Before:

                             HON. PAUL G. GARDEPHE,

                                              District Judge


                                APPEARANCES

                DAMIAN WILLIAMS
                     United States Attorney for the
                     Southern District of New York
                ALEXANDER NOU LI
                     Assistant United States Attorney

                DANIEL N. ARSHACK
                     Attorney for Defendant Humbei/Wang

                MARLON KIRTON
                     Attorney for Defendant Chen


                ALSO PRESENT:  PHANESSIA LIAO, Mandarin Language Interpreter
```

1              (Case called)
2              MR. LI:  Good afternoon, your Honor.
3              Alexander Li, for the government.
4              MR. ARSHACK:  Good morning -- good afternoon.
5              Daniel Arshack, on behalf of Mr. Wang.  We filed a
6     substitution, your Honor, for Marne Lenox.
7              THE COURT:  Okay.
8              MR. KIRTON:  Marlon Kirton and Mr. Cheng, for Yiyi
9     Chen.
10             Good afternoon, your Honor.
11             THE COURT:  Good afternoon.
12             All right.  So, I'm going to terminate Marne Lenox as
13    representation of defendant Wang, given the notice of
14    appearance that have been filed by his new attorneys.
15             Mr. Li, could you advise me on where we are in terms
16    of discovery.
17             MR. LI:  Yes, your Honor.
18             Since the arraignment on June 28th, the government has
19    produced discovery in two tranches.  We believe discovery is
20    largely complete at this point.  There is one substantial
21    exception and that is the electronic devices of the defendants'
22    which the government is attempting to search pursuant to a
23    search warrant.  We still have not been able to access those
24    devices which are protected by security features.  So, we are
25    attempting to get into those devices.  With the exception of

1   those devices, discovery is, at this point, largely complete.

2              THE COURT:  All right.  Do you have any sense of when
3   you'll know whether it's possible to access the defendants'
4   electronic devices or whether that's just something that's not
5   going to be possible?

6              MR. LI:  Unfortunately, your Honor, we don't know
7   whether or when we'll be able to get into those devices.  My
8   understanding is that it is essentially a brute force attempt
9   to get into these devices by attempting variations of a pass
10  code.  And so, until we submit the right pass code we won't be
11  able to get into those devices, your Honor.

12             THE COURT:  Okay.

13             MR. ARSHACK:  Your Honor, it's not clear to me whether
14  the assistant was describing devices from both defendants or
15  just from one of them.

16             THE COURT:  Right.  Could you clarify that, Mr. Li?

17             MR. LI:  Yes, your Honor.

18             There are devices by both defendants.  So,
19  specifically, there are two cellphones from each of the two
20  defendants.  So, four cellphones in total, plus one laptop that
21  belongs to Ms. Chen.  In addition, in the warrant there was
22  specified an external hard drive that belonged to Ms. Chen.  It
23  appears that external hard drive is actually a battery.  So, it
24  does not appear to be a data storage device.

25             THE COURT:  Okay.  All right.  So, Mr. Arshack, you're

1  new to the case.  What have you been able to do so far with the
2  discovery that's been produced?
3           MR. ARSHACK:  I spoke and met with Marne Lenox
4  yesterday, who had been assigned the case.  She provided me
5  with the flash drive with discovery on it.  I have discovered
6  that I'm able to open it and that's about as far as I've
7  gotten.  I do understand that there is an additional amount of
8  discovery that the U.S. Attorney will provide me and to all of
9  us, that's been just made available in the last several days
10 that I haven't seen yet.  I did notice when I was able to open
11 the flash drive, there are a significant number of recordings,
12 both audio and video, that are in Mandarin.  It happens not to
13 be a language that I speak or understand, and it will take some
14 time to evaluate those and understand the significance of them.
15 I do understand as well that the material that the U.S.
16 Attorney is going to be providing to us is also recordings of
17 voices in other languages.
18           If I can anticipate your next question, I was going to
19 ask for another status conference in 60 or 90 days after we
20 have had a chance to review this voluminous material.  The
21 first tranche in the flash drive, judge, 91 gigabytes.  It's a
22 lot of material to go through.
23           THE COURT:  All right.  Mr. Kirton, could you tell me
24 where you are in terms of your review of the discovery.
25           MR. KIRTON:  Your Honor, I would not oppose a 60-day

1   adjournment for me to look to complete my review of discovery.
2   My client also has a copy of the first production at the MDC.
3   The problem is that she has not been able to access her
4   discovery as of yet.  She received it last week, sent by the
5   government on a hard drive I supplied.  Her date to review the
6   discovery was supposed to be Monday, this week.  She did not
7   have an opportunity to review the discovery Monday or any other
8   day that week.  I just notified the government earlier today
9   about her inability to access the discovery but we will be fine
10  in terms of our ability to review the discovery eventually.
11          I think a 60-day adjournment for a status conference
12  would be appropriate in this case.
13          THE COURT:  All right.  Mr. Li, anything you want to
14  say?
15          MR. LI:  No, your Honor.  We stand ready to assist the
16  defense in all matters including access to the discovery at the
17  MDC.
18          THE COURT:  All right.  Based on Mr. Arshack's recent
19  arrival on the case and magnitude of the discovery materials,
20  and the fact that they are in Mandarin, I do think that the
21  further adjournment is appropriate.  So, I'm going to set
22  October 24th at ten o'clock for our next conference.  My hope
23  would be when we meet again that we can set a motion schedule.
24  So, I will be asking the defense lawyers about the pretrial
25  motions that they anticipate bringing.

1          Does the government wish me to exclude time between
2  then and now.
3          MR. LI:  Yes, your Honor.  The government respectfully
4  moves to exclude time until October 24th.  We believe this is
5  in the interests of justice, to allow counsel to review the
6  discovery, particularly, newly appointed counsel would have not
7  yet had an opportunity to do so, newly retained counsel, and
8  for the parties to discuss any potential pretrial resolutions
9  to the case.
10         THE COURT:  Is there any objection to the exclusion of
11 time through October 24.
12         MR. ARSHACK:  No objection, judge.
13         MR. KIRTON:  No, your Honor.
14         THE COURT:  I will exclude time between today and
15 October 24, 2023 under the Speedy Trial Act pursuant to Title
16 18 U.S.C. Section 3161 (H) (7) (A), to permit defense to review
17 the discovery materials and determine whether any pretrial
18 motions will be necessary.  I do find that the ends of justice
19 served by granting of this continuance, outweigh the best
20 interests of the public and the defendants in this speedy
21 trial.
22         I should say I received a letter from Mr. Kirton dated
23 August 24th, which he suggests that the Court set a trial date
24 for the second quarter of 2024 and set motions for the first
25 quarter of 2024.  I'm not going to set a trial date today.

1   Given Mr. Arshack's very recent arrival in the case, and it is
2   my hope that when I see you on October 24th, we will be able to
3   set a schedule then for pretrial motions.
4           Yes, Mr. Arshack.
5           MR. ARSHACK:  Could I ask my associate who is sitting
6   next to me, actually speaks Mandarin, could I ask if he could
7   have a moment with my client before he is taken back?
8           THE COURT:  Absolutely.
9           MR. ARSHACK:  Thank you.
10          MR. KIRTON:  Your Honor, just one other thing.  When I
11  submitted the letter I was really concerned about my client
12  being incarcerated for more than one year at the MDC.  I laid
13  out both in the bail application and plus my letter from
14  yesterday, the problems of conditions of confinement at the
15  MDC.  I also learned today that she was having some trouble
16  reviewing the discovery.  So there appeared to be a number of
17  issues that keep coming up at the MDC which applies to
18  everyone, not just to her.  So, I was concerned about her being
19  incarcerated for more than one year.  She's 31 years old, no
20  prior record, as far as we know.  I'm not asking for a trial
21  date today because there are other factors but I just wanted to
22  bring it to everyone's attention that we were looking at
23  setting a date sooner rather than later.
24          THE COURT:  Yes.  I am completely sympathetic to that
25  view and as I said, it is my hope that we can set a trial

1  date -- excuse me -- set a motion schedule for October 24th and
2  I am certainly willing to set a trial date at our next
3  conference as well.  And so why don't we just agree that when
4  we meet again on October 24th we come prepared to talk about
5  motion schedule as well as a trial date.
6            MR. KIRTON:  Understood, your Honor.
7            THE COURT:  Mr. Li, anything else?
8            MR. LI:  No, your Honor.
9            THE COURT:  Anything else on behalf of defendants?
10           MR. ARSHACK:  No.  Thank you, your Honor.
11           MR. KIRTON:  No, your Honor.  Thank you.
12           THE COURT:  Thank you all, and good day.
13           (Adjourned)