UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

UNITED STATES OF AMERICA,

                                      S1 23 cr. 302 (PGG)

   -against-

YIYI CHEN,

       Defendant.

-------------------------------------X

**PROPOSED VOIR DIRE**

                                       KIRTON LAW FIRM
                                       Attorney for Defendant
                                       YIYI CHEN
                                       175 Fulton Avenue, Suite 305
                                       Hempstead, New York 11550
                                       O: (516) 833-5617
                                       F: (516) 833-5620
                                       kirtonlawfirm@gmail.com

                                       By: Marlon G. Kirton, Esq.
                                            Shaoming Cheng, Esq.

1

# PROPOSED IMPLICIT BIAS VOIR DIRE LANGUAGE[1]

**To be included in the Preliminary Instructions given before Jury Selection**

We all have or have had feelings, assumptions, perceptions, fears, and stereotypes, also known as biases about people and places that have affected our memories, our thoughts, what we see or hear, and/or the decisions we make or have made. Some biases we are aware or conscious of, and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases. "Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control, or intention.  Like conscious bias, unconscious/implicit bias, too, can affect how we evaluate information and make decisions.

It is important that if you are selected as a juror, you must discharge your duties without discrimination, meaning that bias or stereotypes regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity or gender of the defendant, any of the witnesses or the lawyers will play absolutely no role in the exercise of your judgment throughout the trial.

## PROPOSED QUESTIONS FOR THE VENIRE

1. Have you, your life partner, family member, or friend ever been addicted to fentanyl?
2. If yes to question #1,  please give details.
3. If yes, to question #1, are they still suffering from the addiction to fentanyl?
4. If yes to question #1, have they ever sought or received treatment for fentanyl addiction?
5. If yes to question #1, can you promise this Court that you will be fair and impartial to Ms. Chen during her trial?
6. You will hear that both Defendants in this case are Chinese Nationals. Based on media reports or based on personal interactions, are you biased or prejudiced against China or Chinese Nationals?
7. If yes to question #6, please give details.
8. Have you, your life partner, a family member, or a friend ever worked for a drug treatment center?

9. If yes to question #8, please give details.

10. If yes to question #8, can you promise this Court that you can be fair and impartial to Ms. Chen during her trial?

11. Have you, your life partner, your friend, or your family member ever been a member of a law enforcement organization?

12. If yes, provide details.

13. If yes to question #11, are they currently employed in any drug enforcement division or unit?

14. If yes to question #11, can you promise this Court that you can be fair and impartial to Ms. Chen during her trial?

15. Have you, your life partner, friend, or family member ever worked at a pharmaceutical lab?

16. If yes to question #15, please give details.

17. If yes to question #15, can you promise the Court that you will not use any specialized information gathered in your industry in your deliberations in this case?

---

[1] Modified from Model Ninth Circuit Criminal Instruction 1.1, Western District of Washington, Illinois Pattern Jury Instructions 1.08, and California Civil Jury Instructions 113.

Dated: December 12, 2024
Hempstead, New York

_____*Marlon Kirton*_____
Marlon G. Kirton, Esq.

3